IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT NEIL CORONADO,

    Petitioner,

v.                                                                                   CIV 17-1002 MV/JHR

AMANDA STINSON, Warden, and
HECTOR BALDERAS,
Attorney General for the
State of New Mexico,

    Respondents.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner Robert Neil Coronado's ("Mr. Coronado" or "Petitioner") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. 1] ("Petition"), which he filed *pro se* on October 4, 2017. United States District Judge Martha Vazquez referred the case to United States Magistrate Judge Jerry H. Ritter pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3) on January 23, 2018. [Doc. 5]. The Court, *sua sponte*, ordered Plaintiff/Respondent United States of America ("the Government") to answer the Motion on October 12, 2017 [Doc. 3]. The Government complied with the Court's Order and responded in opposition on January 12, 2018 [Doc. 7] ("Response"). Petitioner filed his Reply on January 23, 2018 [Doc. 11] ("Reply").

Having carefully considered the parties' submissions and the relevant law, the undersigned recommends that Petitioner's claim for relief be DISMISSED with prejudice. Petitioner's pending Motion to Re-Examine Issues [Doc. 14] and Motion to Amend [Doc. 19], both apparently seeking to amend the petition, do not substantively alter or add any argument or claim to the Petition, and should therefore be DENIED. Further, given the dispositive nature of the

1

undersigned's recommendation to dismiss, Petitioner's pending "Motion Requesting Order for Evidence" [Doc. 22] should also be DENIED AS MOOT.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The factual background of this case is set forth in the Memorandum Opinion as well as the State's Answer Brief in the state court appeal, issued on June 18, 2015. [Doc. 7-2 at 6-16; 77-95]. A summary of the relevant facts is set forth herein for clarity purposes.

On March 11, 2009, Robert Neil Coronado ("Mr. Coronado") met a young man in Pancake Alley in Las Cruces, New Mexico, whom he hired to perform day labor. [Doc. 7-2 at 8]. Later that day, the young man asked Mr. Coronado for "headache medicine," and soon after receiving it, felt "not right." [*Id.* at 9]. After the young man finished working, Mr. Coronado drove him to a convenience store and gave him a fountain soda, which made him feel worse. [*Id.* at 78]. The young man's memory became blurry, but he remembers Mr. Coronado driving him to the desert and forcing him to engage in oral sex. [*Id.* at 78-79]. His next memory is waking up naked in Mr. Coronado's bed next to a sleeping, also naked, Mr. Coronado. [*Id.*]. In the early morning hours, the young man grabbed his clothes and ran out of the house, and was later found walking down the road, sobbing, by a Las Cruces Police Department sergeant, whom he told that he "thought somebody tried to rape him." [*Id.*]. Upon being transported to the hospital, it was discovered that the young man suffered fresh scratches and abrasions on his torso, back, buttocks, and base of his penis, as well as anal tears caused by trauma; and his genital area had been shaved. [*Id.* at 12-13, 79]. A toxicology report revealed that the young man had 0.02 milligrams per liter of hydrocodone in his blood, which qualifies as a high therapeutic level. [*Id.* at 15]. A prescription bottle of hydrocodone, empty alcohol bottles, razors, and a pair of boxer shorts identified as the young man's were found in Mr. Coronado's house and vehicle. [*Id.*]. Swabs taken during the

young man's SANE exam revealed Mr. Coronado's saliva on the base of his penis and Mr. Coronado's semen in his anus. [*Id.*].

A public defender, Joseph Shattuck, was originally appointed to represent Mr. Coronado upon his grand jury indictment for kidnapping, criminal sexual penetration in the second degree, and criminal sexual contact in the fourth degree. *State of New Mexico v. Robert Neil Coronado*, D-307-CR-200900327 Case History; *see* 28 U.S.C. § 2254(g). Later, on June 23, 2009, Mr. Shattuck withdrew and Jose Luis Arrieta substituted his appearance on behalf of Mr. Coronado. *Id.* On September 7, 2010, Nathan Gonzales was substituted as counsel because of Mr. Arrieta's suspension from practicing law. [*Id.*; Doc. 7 at 3-4]. Mr. Gonzales acted as inventorying attorney for Mr. Arrieta, and prepared Mr. Coronado's case on his behalf. *State of New Mexico v. Robert Neil Coronado*, D-307-CR-200900327, Motion to Withdraw and Substitution of Counsel and Order Approving Withdrawal, filed September 3, 2010. One year later, on September 21, 2011, Mr. Coronado wrote Mr. Gonzales a letter in which he stated concerns that he did not understand Mr. Gonzales' role after Mr. Arrieta was disbarred, and that Mr. Gonzales has not done what he expected. [Doc. 7-4 at 11]. Mr. Gonzales responded to Mr. Coronado on September 22, 2011, stating that he had spoken on the phone with Mr. Coronado for an hour and a half, reviewing every detail of his September 21, 2011 letter, and that Mr. Coronado stated he understood he has a choice of attorney in his case and that he still wished Mr. Gonzales to continue to be his attorney. [*Id.* at 12].

On September 26, 2011, Mr. Gonzales filed an Emergency Motion to Withdraw as Counsel on behalf of Mr. Coronado, in which he argued that "[a]t 2:40 p.m., Monday, September 26, 2011, defendant Robert Coronado expressed to Mr. Gonzales that he did not wish Mr. Gonzales

to represent him any longer and thereby terminated Mr. Gonzales's services." [*Id.* at 6-7]. Judge Driggers denied Mr. Coronado's Emergency Motion on September 28, 2011. [*Id.* at 8].

On September 30, 2011, Mr. Coronado was convicted of kidnapping, NMSA 1978, § 30-4-1, criminal sexual penetration in the second degree, NMSA 1978, § 30-9-11(E)(3), and criminal sexual contact in the fourth degree, NMSA 1978, § 30-9-12(C). [Doc. 7-1 at 1]. On July 2, 2012, Judge Driggers sentenced Mr. Coronado to eighteen years for kidnapping and nine years for criminal sexual penetration in the second degree, to be served consecutively, and 18 months for criminal sexual contact in the fourth degree, to be served concurrently with his sentence imposed for criminal sexual penetration. [*Id.* at 2]. Mr. Coronado's sentence totaled twenty-seven years imprisonment, followed by parole for at least five years up to life. [*Id.*]. On July 17, 2012, Mr. Coronado filed a notice of appeal. [*Id.* at 9]. Mr. Gonzales filed a docketing statement on behalf of Mr. Coronado, in which he raised the following issues on appeal: (1) Mr. Coronado's original attorney, Mr. Arrieta, provided ineffective assistance of counsel by failing to file a speedy trial demand, and having limited communications with Mr. Coronado; (2) The State offered insufficient evidence to prove the elements of the crimes charged and the Court erred in finding there was "efficiency in evidence;" and (3) "The Court erred not allowing counsel to withdraw prior to the trial when counsel cited conflict of interest." [*Id.* at 14].

On June 18, 2015, the New Mexico Court of Appeals affirmed Defendant's convictions; however, it noted that its conclusion would not impair Mr. Coronado's right to make an ineffective assistance of counsel claim in a habeas petition. [Doc. 7-2 at 94-95]. On July 20, 2015, Mr. Coronado filed a Petition for Writ of Certiorari to the New Mexico Court of Appeals. [*Id.* at 96-109]. The Supreme Court denied the writ of certiorari on August 25, 2015. [Doc. 7-3 at 1-2].

4

A year later, on September 2, 2016, Mr. Coronado filed a Petition for Writ of Habeas Corpus *pro se* in the state court. [Doc. 7-3 at 6-48]. The Law Offices of the Public Defender made an initial review of Mr. Coronado's habeas petition in accordance with Rule 5-802(G)(1), and concluded that the petition was "not a proceeding that a reasonable person with adequate means would be willing to bring at a person's own expense." [Doc. 7-3 at 49] (citing NMSA 1978, § 31-16-3(B)(3) ("A needy person entitled to representation by an attorney…is entitled to be…represented in any other postconviction proceeding that the attorney or the needy person considers appropriate unless the court in which the proceeding is brought determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense.")). The Law Offices of the Public Defender reasoned that the issues raised in Mr. Coronado's petition had been dispositively addressed in his prior appeal, but deferred to the court to as to whether the petition should be returned for "additional factual information differentiating his claims from those previously decided before the Court of Appeals." [Doc. 7-3 at 49-52]. On January 30, 2017, Mr. Coronado filed a *pro se* amendment to his state habeas petition, in which he argued that the state court denied him counsel of his choice by denying his motion to withdraw counsel, and that he received ineffective assistance of counsel from inventorying counsel, Nathan Gonzales, in several respects, including lack of preparation and investigation prior to trial and counsel's allegedly poor presentation at trial. [Doc. 7-3 at 59-90]. On March 1, 2017, The Law Offices of the Public Defender submitted a Notice of 5-802(G)(1) Subsequent Review, in which the Public Defender again found that the issues raised in Mr. Coronado's amended petition for writ of habeas corpus were dispositively decided in the Court of Appeals, and his petition was not one "a reasonable person with adequate means would be willing to bring at a person's own expense," but deferred to the Court as to the interpretation of

Petitioner's claim, particularly the decision for his counsel not to hire a toxicology expert. [*Id*. at 91-94]. The state court subsequently dismissed Mr. Coronado's habeas petition. [*Id*. at 95-96].

Mr. Coronado then filed with the New Mexico Supreme Court another Petition for Writ of Certiorari to the Third District Court of New Mexico on May 19, 2017, based on these same issues. [Doc. 7-4 at 1-93]. The Supreme Court summarily denied the writ of certiorari on September 5, 2017. [*Id*. at 94].

Thereafter, Mr. Coronado filed the instant Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on October 4, 2017. [Doc. 1]. Mr. Coronado brings forth his exhausted state court claims of: (1) denial of the right to counsel of choice; and (2) ineffective assistance of counsel. [*Id.* at 5, 19]. Mr. Coronado also admits to bringing grounds that were not raised in his appeal or state habeas petition.[1] [*See id.* at 24]. Respondents Amanda Stinson and Hector Balderas filed their answer to Mr. Coronado's Petition after being granted an extension to their deadline, [Doc. 6], on January 12, 2018. [Doc. 7]. Mr. Coronado then filed a Reply on January 23, 2018. [Doc. 11]. On June 7, 2018, Mr. Coronado also filed a "Motion to re-examine issues," which requests the Court to review issues that "were not addressed because they were not part of the trial record or appeal." [Doc. 14 at 1]. Mr. Coronado repeats the claims he made in his appeal and state habeas petition under the guise of an ineffective assistance of counsel claim that evidence of "hickeys" on his neck were not produced at trial, that he was not allowed to be present during a video-taped deposition, and his trial counsel did not call a toxicology expert. [Doc. 14 at 1-3]. Respondents filed a Response to the motion, arguing that the

---

[1] Per AEDPA, Mr. Coronado must exhaust his state remedies prior to having them heard on a federal habeas petition. 28 U.S.C. § 2254(b)(1). Since these issues have not been exhausted, the Court will not address them here. Moreover, the issues Mr. Coronado claims to be new claims are merely restated or interrelated issues of the claims he brought forth in state court, and thus all of Mr. Coronado's non-exhausted issues are addressed within his exhausted claims.

issues raised are identical to those presented in his habeas petition. [Doc. 15 at 2]. Mr. Coronado argues that the issues have never been ruled on by state or federal court, and the issues rise to the level of "structural error and would have changed the outcome of the trial in favor of petitioner." [Doc. 16 at 1]. Petitioner filed a motion to amend his Petition on August 8, 2018. [Doc. 19].[2] Petitioner also filed a "Motion Requesting Order for Evidence" [Doc. 22], which the Court will construe as a "motion to compel" requesting the Court to compel Respondents to produce transcripts from the hearing on the motion to withdraw counsel dated September 26 and 27, 2011, and his sentencing hearing dated June 29 and 30, 2012, as well as pictures and statements from the police investigation and SANE exam. [*Id.* at 1]. However, the Court has not directed the parties to engage in discovery, Petitioner's request does not comply with the rules, and the requests that Petitioner makes are not relevant to his habeas petition. *See* Rules Governing Section 2254 Cases, 28 foll. § 2254, Rule 6 (2004).

On September 11, 2018, Petitioner filed an Amended Petition under 28 U.S.C. § 2254 in which he repeats his claims that the state court erred in denying his motion to withdraw counsel, his trial counsel had a "conflict of interest," and re-asserts a variety of complaints related to his ineffective assistance of counsel claim. [Doc. 23]. The Court did not grant leave for Petitioner to file the amended petition, and the undersigned finds that because Petitioner's proposed amendment merely restates his original claims, which are recommended for dismissal, amendment would be futile, and leave should not be granted. *See* Fed. R. Civ. P. 15(a)(2); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). Because Petitioner's "Motion to Re-

---

[2] As Respondents point out in their response, Petitioner did not attach the amended petition to his motion to amend and he does not explain why his proposed amendment would withstand Respondent's pending motion to dismiss. [Doc. 20]; *see also* D.N.M. LR-CIV 15.1.

Examine Issues" also repeats these same claims, it should be denied on the same basis. Therefore, the undersigned will only review the original Petition in this analysis.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2254, a federal court may only grant a state prisoner's petition for a writ of habeas corpus where the prisoner is being held "in violation of the Constitution or laws or treaties of the United States," and has, with certain exceptions not relevant here, exhausted state court remedies. 28 U.S.C. § 2254(a)-(c). Pursuant to Section 2254(d), when the prisoner's claims have been adjudicated on the merits in state court, such a petition can only be granted if the state court's decision was contrary to, or unreasonably applied, "clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court decision "unreasonably applies" clearly established federal law if it "correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case." *Id.* "Where . . . the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but [also] objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003); *see also Bell*, 535 U.S. at 694 ("[A]n unreasonable application is different from an incorrect one."). "Evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-

by-case determinations." *Welch v. Workman*, 639 F.3d 980, 1010 (10th Cir. 2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair[]minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The state court need not cite to United States Supreme Court cases, or even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Indeed, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning" at all. *Harrington*, 562 U.S. at 98; *see also Cullen v. Pinholster*, 563 U.S. 170, 187 (2011) ("Section 2254(d) applies even where there has been a summary denial."); *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999) ("[W]e owe deference to the state court's *result*, even if its reasoning is not expressly stated.") (emphasis in original).

Review under Section 2254(d) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 181, 185 n.7; *Black v. Workman*, 682 F.3d 880, 895 (10th Cir. 2012). Such review must be "highly deferential." *Cullen*, 563 U.S. at 181; *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). "The petitioner carries the burden of proof." *Cullen*, 563 U.S. at 181.

> [E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable. If this standard is difficult to meet, that is because it was meant to be. . . . [Section] 2254(d) stops short of imposing a complete bar on federal-court re[-]litigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fair[-]minded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.

*Harrington*, 562 U.S. at 102-03 (citations and internal quotation marks omitted).

In Section 2254 proceedings, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Welch*, 639 F.3d at 991 ("We presume the factual findings of the state court are correct unless the petitioner rebuts that presumption by clear and convincing evidence."). A petitioner is "entitled to an evidentiary hearing so long as his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief." *Anderson v. Attorney General of Kan.*, 425 F.3d 853, 858 (10th Cir. 2005) (citation and internal quotation marks omitted). However, factual allegations must be "specific and particularized, not general or conclusory." *Id.* at 858-59. "Moreover, an evidentiary hearing is unnecessary if the claim can be resolved on the record." *Id.* at 859.

> [B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. In practical effect . . . this means that when the state-court record precludes habeas relief under the limitations of § 2254(d), a district court is not required to hold an evidentiary hearing.

*Cullen*, 563 U.S. at 183 (citations and internal quotation marks omitted). The undersigned will consider the instant Petition in light of the foregoing standards.

### III. ANALYSIS

#### A. Only Petitioner's Ineffective Assistance of Counsel Claims as They Were Brought Before the State Court Should Be Heard Before This Court.

As an initial matter, the undersigned will only review Petitioner's claims that have been exhausted through the state court. 28 U.S.C. § 2244(a) (1996). Moreover, Petitioner's remaining "unexhausted" claims are redundant to, or interrelated with, his exhausted claims. Upon reviewing the record, Petitioner brings forth two interrelated claims that were exhausted in state court: (1) ineffective assistance of counsel for an alleged conflict of interest, or in another light,

10

deprivation of counsel of his choice; and (2) ineffective assistance of counsel for counsel's performance at trial. [Doc. 7-4 at 22-23]. Based in part on the review and opinion of the Law Offices of the Public Defender that Petitioner's claim was not one "that a reasonable person with adequate means would be willing to bring at [their] own expense," the state court dismissed Mr. Coronado's petition. [*Id.* at 93, 95]. His subsequent Petition for Writ of Certiorari in the New Mexico Supreme Court, No. S-1-SC-36479, was denied on September 5, 2017. [Doc. 7-4 at 94]. Therefore, the only question before this Court in addressing Mr. Coronado's Petition under 28 U.S.C. § 2254 is whether the state court's rulings on these two claims were contrary to, or unreasonably applied, "clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

### B. The State Court was Correct in Ruling that Petitioner's Right to Counsel of Choice was not Violated.

The state trial court rested its conclusion that Mr. Coronado's right to counsel of choice claim lacked merit on the New Mexico Court of Appeals' opinion in Mr. Coronado's previous appeal. The Court of Appeals concluded that a criminal defendant's right to counsel of his choice is not absolute: it only requires that he has effective representation. *State v. Coronado*, No. 32,435, ¶ 21 (June 18, 2015) (unpublished) (citing *State v. Pacheco*, 1993-NMCA-033, ¶ 5, 850 P.2d 1028). Further, the Court of Appeals stated that a defendant cannot use the right to counsel of choice to delay court proceedings. *Coronado*, No. 32,435, ¶ 21 (citing *State v. Maes*, 1983-NMCA-073, ¶ 19, 665 P.2d 1169, *abrogated on other grounds by State v. Armijo*, 2005-NMCA-010, ¶ 28, 136 N.M. 723, 104 P.3d 1114).

Here, Petitioner sought to terminate his counsel on the eve of trial and did not provide for substitute counsel. The trial court therefore denied his motion to withdraw counsel. [Doc. 7-1 at

11

8]. As Petitioner concedes, one of the State's key witnesses had a terminal illness, and any delay would have prejudiced the State in presenting that witness. In addition, Petitioner had retained inventorying counsel, Nathan Gonzales, a year before trial, and never challenged him on "counsel of choice" grounds prior to the untimely motion to withdraw. Instead, the record shows that on September 22, 2011, four days before trial, Mr. Coronado informed Mr. Gonzales that he understood he had "a choice regarding choosing an attorney in this matter and [he] told [Mr. Gonzales] [he] wants [Mr. Gonzales] to be [his] attorney." [Doc. 7-4 at 12].

Given these circumstances, the undersigned cannot find that the state court's dismissal of Petitioner's claim that he was denied counsel of his choice contrary to clearly established federal law. "We have recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness…and against the demands of its calendar." *U.S. v. Gonzales-Lopez*, 548 U.S. 140, 152 (2006). In light of the layers of deference the Court affords a state court proceeding, Petitioner was not denied counsel of his choice given that he made this claim on the eve of trial and the State would have been substantially prejudiced by the delay, and Petitioner had no substitute counsel of his choice to take Gonzales' place after he made the complaint a year after Mr. Gonzales entered his appearance. Therefore, Petitioner's right to denial of counsel of choice claim should be denied.

Relatedly, Petitioner also claims that the trial court's denial of his motion to withdraw wrongfully required him to move forward to trial with counsel who had a conflict of interest. However, Petitioner has failed to demonstrate that his counsel had an actual conflict of interest. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). ("In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."). The only conflict that Petitioner

12

alleged was a disagreement between Petitioner and his counsel over his defenses. Such a claim does not present a conflict of interest, as the Court of Appeals noted, because "disagreements with counsel over trial preparation, strategy, and tactics" do not constitute a conflict of interest. *Coronado*, No. 32,435, ¶ 25 (quoting *State v. Plouse*, 2003-NMCA-048, ¶ 32, 64 P.3d 522). No contradictory federal law suggests that a conflict exists merely because a client and an attorney have disagreements over trial strategy. As such, Petitioner's claim that he suffered ineffective assistance of counsel due to a conflict of interest should be dismissed.

### C. The State Court was Correct in Ruling that Petitioner Did Not Receive Ineffective Assistance of Counsel.

The state trial court also concluded that Petitioner's ineffective assistance of counsel claim lacked merit based on the Court of Appeals' decision on Petitioner's prior appeal. In that decision, the Court of Appeals stated:

> The record reflects that counsel filed numerous motions in limine seeking to preclude the admission of damning State's evidence, actively participated in voir dire, cross-examined Victim and Expert at length, lodged numerous objections to witness testimony, and presented legal argument in support of his objections when necessary. Furthermore, counsel successfully argued to exclude the testimony of a witness who claimed that Defendant poisoned him while working for Defendant in a manner similar to Victim. Counsel's decision to refrain from hiring a toxicology expert and the strategies he employed during cross-examination and voir dire constitute tactical choices that are best evaluated during a habeas corpus proceeding. *See State v. Harrison*, 2000-NMSC-022, ¶ 63, 129 N.M. 328, 7 P.3d 478 (finding that the defense counsel made a 'tactical decision before trial not to hire a[n] … expert and to rely on his own cross-examination"); *State v. Bernal*, 2006-NMSC-050, ¶ 35, 140 N.M. 644, 146 P.3d 289 (determining that tactical decisions made by counsel at or during trial 'are best evaluated during habeas corpus proceedings'). Therefore, we conclude that Defendant failed to establish a prima facie case for ineffective assistance of counsel and accordingly reject the claim. *Bernal*, 2006-NMSC-050, ¶ 36.

*Coronado*, No. 32,435, ¶ 24. While the Court of Appeals stated that its "conclusion that Defendant failed to establish a prima facie case of ineffective assistance of counsel 'in no way impairs [the d]efendant's ability to later bring such a claim in a habeas proceeding," the trial

13

court made no further analysis as to the merits of Petitioner's ineffective assistance claim. However, upon further reviewing the state court decision in light of federal law under Supreme Court case law, as it must for a 28 U.S.C. § 2254 claim, the undersigned finds that Petitioner's ineffective assistance claim lacks merit and should therefore be dismissed.

The framework for assessing the merits of an ineffective assistance of counsel claim involves two steps: The first step requires the Court to "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *Strickland v. Washington*, 466 U.S. 668, 690 (1984); the second step requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

*Strickland* recognized that the "availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges." *Id*. at 690. Therefore, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time," and as such, counsel are afforded a "strong presumption that [their] conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Further, "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Howell v. Trammell*, 728 F.3d 1202, 1223 (2013).

Petitioner claims that his counsel should have objected to the admission of the State's forensic toxicologist expert. However, the Court of Appeals concluded that the State expert's

testimony was admissible at trial under *Hughey*, 2007-NMSC-036, ¶¶ 3, 17, 163 P.3d 470, which held that "[i]f the defendant takes issue with the scientific conclusions of the state's expert, the remedy is not exclusion; the remedy is cross-examination, presentation of rebuttal evidence, and argumentation." *Id.* at ¶ 17 (internal markings and citation omitted); *Coronado*, No. 32,435, ¶ 17. In other words, because the State's expert testimony was admissible, the jury properly could rely on its conclusions.

The Court of Appeals' conclusion that defense counsel's "decision to refrain from hiring a toxicology expert and strategies during cross-examination and voir dire constitute tactical choices," *Coronado*, No. 32,435, ¶ 24 NMCA, falls in line with *Strickland's* pronouncement that counsel has wide latitude in tactical decisions and such decisions do not generally form the basis for an ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Given the layers of deference under federal law in reviewing an ineffective assistance of counsel claim under 28 U.S.C. § 2254 and the Court of Appeals' conclusion that Petitioner's claims involve his counsel's reasonable tactical decisions that are outside the realm of an ineffective assistance of counsel claim under *Strickland*, the undersigned finds that the state court's dismissal of Petitioner's habeas claim was not contrary to federal law or based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Therefore, the undersigned finds that Mr. Coronado's Petition lacks merit and should be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the undersigned proposes to find that the Petition, exhibits, and record conclusively establish that Petitioner is not entitled to the relief he seeks. Consequently, the undersigned recommends that the Court DISMISS with prejudice Petitioner's claim.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**