IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT NEIL CORONADO,

    Petitioner,

v.                                                                                         CIV 17-1002 MV/JHR

AMANDA STINSON, Warden, and
HECTOR BALDERAS,
Attorney General for the
State of New Mexico,

    Respondents.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on the Honorable Jerry H. Ritter's Proposed Findings and Recommended Disposition, filed on October 30, 2018 [Doc. 25] ("PFRD), which recommends dismissing Petitioner Robert Neil Coronado's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [Doc. 1]; and denying his Motion to Re-Examine Issues [Doc. 14] and Motion to Amend [Doc. 19], as well as denying Petitioner's Motion Requesting Order for Evidence [Doc. 22] as moot. The proposed findings notify Petitioner of his ability to file objections and that failure to do so waives appellate review. On November 8, 2018, Petitioner filed his Objections to the PFRD. [Doc. 26]. Petitioner also filed a Motion to Compel Trial Court for Records and Request for Hearing on December 31, 2018 [Doc. 28], and an Amendment to Petitioner's Objections on January 4, 2019 [Doc. 29].

The Court summarily denies Petitioner's Motion to Compel Trial Court for Records and Request for Hearing [Doc. 28] as improperly filed pursuant to D.N.M. LR-CIV 7.1(a) and Fed. R. Civ. P. 37(a)(1). The Court will not consider Petitioner's Amendment to Petitioner's

Objections, as it was filed after the fourteen-day period provided under 28 U.S.C. § 636(b)(1), notice of which provision was given in the PFRD. [Doc. 25 at 16]. Having conducted a *de novo* review of the record, the Court overrules Petitioner's objections and will adopt the Magistrate Judge's recommendations and dismiss his Petition with prejudice and deny the remaining pending motions, [Doc. 14] and [Doc. 19].

## STANDARD OF REVIEW

"Review of the magistrate judge's ruling is required by the district court when a party timely files written objections to that ruling." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). Specifically, "[d]e novo review is required when a party files timely written objections to the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 583–84 (10th Cir. 1995) (citation omitted). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *Id*. "However, neither 28 U.S.C. § 636(b)(1) nor Fed. R. Civ. P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a de novo review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000).

## BACKGROUND

The factual background of this case is set forth in the PFRD. [Doc. 25 at 2-7]. However, for clarity purposes, the Court will provide a summary of the relevant facts.

This case stems from Mr. Coronado's September 30, 2011 convictions in New Mexico state court for kidnapping, NMSA 1978, § 30-4-1, criminal sexual penetration in the second degree, NMSA 1978, § 30-9-11(E)(3), and criminal sexual contact in the fourth degree, NMSA 1978, § 30-9-12(C). [Doc. 7-1 at 1]. He filed this petition based on claims of ineffective assistance of counsel based on his contention that the inventorying attorney who replaced his attorney of

choice made a series of alleged mistakes at trial, and that his inventorying attorney was operating with a conflict of interest.

Prior to filing this petition, Mr. Coronado filed a state court appeal based on the following issues: (1) Mr. Coronado's original attorney, Mr. Arrieta, provided ineffective assistance of counsel by failing to file a speedy trial demand, and having limited communications with Mr. Coronado; (2) the State offered insufficient evidence to prove the elements of the crimes charged and the Court erred in finding there was "efficiency in evidence;" and (3) "The Court erred not allowing counsel to withdraw prior to the trial when counsel cited conflict of interest." [*Id.* at 14]. The New Mexico Court of Appeals affirmed Defendant's convictions; however, it noted that its conclusion would not impair Mr. Coronado's right to make an ineffective assistance of counsel claim in a habeas petition. [Doc. 7-2 at 94-95]. The Supreme Court denied Mr. Coronado's writ of certiorari on August 25, 2015. [Doc. 7-3 at 1-2].

Mr. Coronado then filed a Petition for Writ of Habeas Corpus *pro se* in the state court. [Doc. 7-3 at 6-48]. On March 1, 2017, The Law Offices of the Public Defender submitted a Notice of 5-802(G)(1) Subsequent Review, in which the Public Defender found that the issues raised in Mr. Coronado's amended petition for writ of habeas corpus were dispositively decided in the Court of Appeals, and his petition was not one "a reasonable person with adequate means would be willing to bring at a person's own expense," but deferred to the Court as to the interpretation of Petitioner's claim, particularly the decision for his counsel not to hire a toxicology expert. [*Id.* at 91-94]. The state court subsequently dismissed Mr. Coronado's habeas petition. [*Id.* at 95-96]. The Supreme Court of New Mexico subsequently summarily denied the writ of certiorari on September 5, 2017. [*Id.* at 94].

Mr. Coronado filed a writ of habeas corpus under 28 U.S.C. § 2254 on his exhausted state court claims of: (1) denial of the right to counsel of choice; and (2) ineffective assistance of counsel. [Doc. 1 at 5, 19]. Respondents filed their answer to Mr. Coronado's Petition on January 12, 2018. [Doc. 7]. Mr. Coronado filed a Reply on January 23, 2018. [Doc. 11]. On June 7, 2018, Mr. Coronado also filed a "Motion to re-examine issues," which requests the Court to review issues that "were not addressed because they were not part of the trial record or appeal." [Doc. 14 at 1]. Respondents filed a Response to the motion, arguing that the issues raised are identical to those presented in his habeas petition. [Doc. 15 at 2]. Petitioner filed a motion to amend his Petition on August 8, 2018. [Doc. 19]. He also filed a "Motion Requesting Order for Evidence" [Doc. 22] and an Amended Petition under 28 U.S.C. § 2254. [Doc. 23].

On October 30, 2018, Magistrate Judge Jerry H. Ritter filed his Proposed Findings and Recommended Disposition. [Doc. 25]. The Magistrate Judge determined, as an initial matter, that only Petitioner's ineffective assistance of counsel claims were properly brought before the Court, since those were the only claims that were exhausted in state court. [*Id.* at 10-11]. He then recommended dismissing Petitioner's ineffective assistance of counsel claims under 28 U.S.C. § 2254, because the trial court's dismissal of Petitioner's claims was not contrary to clearly established law. 28 U.S.C. § 2254(d); *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Petitioner objected to the Magistrate Judge's findings, discussing his initial appointment of counsel, a point that was not raised in the state court proceedings or in his federal petition, and rephrasing the facts and issues he had raised previously. [Doc. 26]. Namely, Petitioner remains concerned that he did not receive certain documents in the record that would have helped him present his case at trial. [*Id.* at 2-4]. He argues that he is entitled to an evidentiary hearing. [*Id.* at

5]. He repeats his claims that he was unable to present certain evidence at trial, and that his attorney was operating with a conflict of interest. [*Id.* at 6-7].

## ANALYSIS

Because Petitioner filed objections to the PFRD, the Court has reviewed the PFRD, Petitioner's objections, and the evidence of record *de novo*. As an initial matter, Petitioner requests an evidentiary hearing, but his claim does *not* rely on: "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or…a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C § 2254(e)(2)(A). The facts relied on in the Petition are part of the state court record, which were available through due diligence. Therefore, Petitioner is not entitled to an evidentiary hearing.

The Court's *de novo* review of the evidence of record confirms the findings of the Magistrate Judge. The state court, through its proper statutory avenue and diligent review of Petitioner's state habeas petition, found that Petitioner received effective assistance of counsel. The Magistrate Judge properly determined that the state court's decision was not contrary to clearly established federal law. Petitioner's trial counsel was not operating with an *actual* conflict of interest that adversely affected his performance. [Doc. 25 at 12] (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348). Petitioner's counsel was also not ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), because Petitioner's allegations constituted tactical decisions that are virtually un-reviewable in ineffective assistance claims. *Id.* 689.

Petitioner raises the same issues in his objections to the PFRD that he raised in his Petition. Therefore, there are no additional objections to the Magistrate Judge's findings and conclusions. The Court's *de novo* review of the record and the PFRD support the dismissal of the

Petition. In addition, as to the remaining pending motions, the Court agrees with the Magistrate Judge's findings and adopts the Magistrate Judge's recommendations for the reasons stated in the PFRD.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 25] is ADOPTED;

2. Plaintiff's Petition Under 28 U.S.C. § 2254 ("Petition") [Doc. 1] is DENIED and the Petition is DISMISSED WITH PREJUDICE;

3. Petitioner's "Motion to Re-Examine Issues" [Doc. 14] and "Motion to Amend" [Doc. 19] are DENIED;

4. Petitioner's "Motion Requesting Order for Evidence" [Doc. 22] is DENIED AS MOOT;

5. Petitioner's "Motion to Compel Trial Court for Records and Request for Hearing" [Doc. 28] is DENIED; and

6. A final order and order denying a certificate of appealability shall enter concurrently herewith.

UNITED STATES DISTRICT JUDGE